FULMER, Judge.
The defendant timely appeals the order denying his motion for postconviction relief. We reverse and remand for further proceedings.
On June 23, 1994, the defendant filed a timely motion for postconviction relief attacking a judgment and sentence which had become final on July 7,1992. On September 9, 1994, the trial court dismissed the motion without prejudice and granted the defendant sixty days within which to file a procedurally correct motion. The defendant filed an amended motion on November 16,1994. The *939 trial court denied the motion as untimely because it was filed outside the sixty day time limit and because it was not filed -within two years of the date the judgment and sentence became final.
The defendant filed a motion for rehearing which the trial court granted on March 30, 1995. The trial court again gave the defendant sixty days to file an amended motion for postconviction relief. The defendant filed his motion on May 16, 1995. The trial court then denied the motion on the grounds that it was successive and that it was filed more than two years after his judgment and sentence became final.
The trial court erred in denying the defendant’s motion for postconviction relief. It appears that the trial court may have overlooked its March 30,1995, order which granted the defendant’s motion for rehearing and allowed the defendant another sixty day period within which to file his motion. Because the defendant complied with this order within the sixty day period, his motion was neither successive nor untimely.
Accordingly, we reverse the order denying the defendant’s motion for postconviction relief and remand to the trial court to consider the merits of the claims raised in the motion. On remand, unless the record conclusively demonstrates that the defendant is not entitled to relief, the trial court must conduct an evidentiary hearing to reach a determination of the defendant’s claims.
BLUE, A.C.J., and QUINCE, J., concur.